IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAMONT DEAN,

      Plaintiff,                    No. CIV S-06-1095 MCE EFB P

    vs.

KITCHEN STAFF/ARAMARK

      Defendants.           <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This case is proceeding on plaintiff's amended complaint, filed on July 13, 2006. On November 30, 2006, defendant Barbara Kondylis moved to dismiss, contending that plaintiff has failed to state a claim against her.

**I.    Summary of Facts**

      Plaintiff is an inmate incarcerated at California State Prison, Solano. In his verified amended complaint, plaintiff states that he received a food tray on March 28, 2006, which contained the body of an insect. Plaintiff's Verified Amended Complaint (Compl.), at 2. Plaintiff claims that as a result of this contamination, he became very ill and his condition has worsened. *Id.*

/////

1

**II.   Failure to State a Claim Upon Which Relief May be Granted**

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *Palmer v. Roosevelt Lake Log Owners Ass'n*, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim under 42 U.S.C. § 1983 plaintiff must allege that an identified defendant deprived plaintiff of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.*  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff names Barbara Kondylis as a defendant in this action, but does not state charging allegations against her.  Plaintiff's claims are limited to the facts specified above, that he was served food containing the body of an insect and that he became progressively ill as a result.  Plaintiff does not allege actions on defendant's part that would prove her liable for his harm.  Defendant's motion to dismiss will be granted with leave to amend.  Plaintiff will be granted an opportunity to amend his pleading in order to name defendants and make factual allegations that give rise to a cause of action.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, it is hereby ORDERED that:

1. Defendant's November 30, 2006, motion to dismiss is granted with leave to amend; and

2. Plaintiff is granted 30 days from the date this order is served in which to file an amended complaint that states a cause of action. *See* 28 U.S.C. § 1915A; *see also Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000) (indigent prisoner proceeding without counsel must be given leave to file amended complaint unless the court can rule out any possibility that the plaintiff could state a claim).

////

////

1 Failure to file an amended complaint will result in a recommendation that this action be
2 dismissed.
3 Dated: August 21, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4